```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN BRANDAU,                    )
                                  ) Civil Action
          Plaintiff,              )
                                  )
     vs.                          ) No. 03-CV-06014
                                  )
ACS, INC. and                     )
COUNTY OF NORTHAMPTON,            )
                                  )
          Defendants.             )

                        *   *   *

APPEARANCES:

          GLENN M. GOODGE, ESQUIRE
               On behalf of Plaintiff

          RACHEL E. LINZY, ESQUIRE
          SAMUEL ZURICK, III, ESQUIRE
               On behalf of Defendant County of Northampton

                        *   *   *
```

M E M O R A N D U M

JAMES KNOLL GARDNER,
United States District Judge

This matter is before the court on defendant County of Northampton's Motion for Summary Judgment, filed February 15, 2006. For the reasons stated below, we grant defendant's Motion for Summary Judgment. Accordingly, we dismiss Count Five of Complaint by Karen Brandau, which alleges a cause of action for promissory estoppel against defendant County of Northampton.[1]

---

[1] Plaintiff's Complaint contains five counts. Two of those counts allege causes of action against defendant County of Northampton. Count Four, alleging a cause of action for tortious interference with contract against County of Northampton, was previously dismissed by Order of the undersigned dated July 20, 2004. Accordingly, Count Five is the only remaining count against defendant County of Northampton.

JURISDICTION AND VENUE

Jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The court has supplemental jurisdiction over plaintiff's pendent state-law claims.  See 28 U.S.C. § 1367.  Venue is proper because the events and omissions underlying this action took place in the city of Easton, Northampton County, Pennsylvania, which is located within this judicial district.  See 28 U.S.C. § 1391(b).

FACTS

Based upon the pleadings, record papers and affidavits, the pertinent facts, taken in the light most favorable to the plaintiff, are as follows.

Plaintiff Karen Brandau was an employee of ACS, Inc. ("ACS") from October 1995 through February 2003.  A service agreement between County of Northampton ("County") and ACS established that ACS would manage and operate the County's administrative systems environment, providing assistance to the County with respect to its computers and network.  Ms. Brandau, through her employment with ACS, provided help-desk assistance to the County, completed daily back-ups of the County's computer system and assisted in purchasing computer software and hardware.

On Sunday, October 13, 2002 plaintiff Brandau was working on the County's computer network from her home when she noticed unusual activity on the County's back-up server.  Ms. Brandau believed that there was an unauthorized user accessing the server, and attempted to disconnect that user.  Instead, Ms. Brandau reported that the she was locked out of the County's network by someone who remotely accessed her computer.

Subsequently, Ms. Brandau reported the alleged security breach to Cathy Saylor, who was the ACS Network Manager at that time, and to Dimitri Diamandopoulos, the ACS Site Director.  On the morning of Monday, October 14, 2002 the ACS staff met to discuss the alleged security breach.  In addition, on the same date Lisa Yandrasits, an employee of the County, overheard an ACS employee, Kevin Guess, discussing the suspected breach.  Ms. Yandrasits reported the discussion to Jean Mateff, who was then Director of Fiscal Affairs for the County, and acted as Contract Administrator to facilitate the relationship between ACS and the County.

In response to an inquiry by Ms. Mateff, Mr. Diamandopoulos reported that the preliminary investigation by ACS had found no security breach.  Subsequently, Jeffrey Britland,[2] an ACS employee who worked as a help-desk analyst and PC

---

[2] Jeffrey Britland was formerly a plaintiff in two cases related to this case, Civil Action No. 03-CV-05715 and Civil Action No. 03-CV-6476.  He settled his claims against defendants County of Northampton and ACS Inc., however.

specialist, sent anonymous electronic mails ("e-mails") to Ms. Mateff and other County employees to report that a security breach actually had occurred.  The County then hired an independent firm, DBSi, to conduct a security test of the County's network.

ACS and DBSi both submitted written reports detailing their conclusions regarding the County's network in November 2002.  Both reports noted problems with the network.

On February 13, 2003, Ms. Brandau took a personal day.  She did not return to work, and her employment was ultimately terminated in June 2003.

## STANDARD OF REVIEW

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  See also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202, 211 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 443 (3d Cir. 2003).  Only facts that may affect the outcome of a case are "material".  Moreover, all reasonable inferences from the record are drawn in favor of the non-movant.  Anderson,

477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof.  See Watson v. Eastman Kodak Company, 235 F.3d 851, 857-858 (3d Cir. 2000). A plaintiff cannot avert summary judgment with speculation or by resting on the allegations in her pleadings, but rather must present competent evidence from which a jury could reasonably find in her favor. Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa. 1995).

## DISCUSSION

As explained above, plaintiff's only remaining claim against defendant County is Count Five, which is asserted based upon promissory estoppel.  In her Complaint, Plaintiff avers that "Defendant, County, impliedly represented to Plaintiff, Brandau, that in exchange for cooperating with Defendant, County, that Defendant, County would use its position to protect Plaintiff's employment."[3]  Plaintiff further asserts that she relied, to her detriment, upon the promises made by defendant County.[4]

In its Memorandum in Support of County's Motion for

---

[3]     Complaint at paragraph 51.

[4]     Complaint at paragraph 52.

Summary Judgment ("Memorandum in Support"), Defendant County argues that no express promise was ever made to plaintiff, and that an implied promise is insufficient to establish a claim of promissory estoppel. In support of this contention, defendants cite plaintiff's deposition testimony, in which she states that the County never promised her anything. Further, the County contends that its position is supported by the fact that Ms. Mateff, the author of the e-mails allegedly giving rise to reliance by plaintiff, does not have the authority to protect plaintiff's position.[5]

Next, County argues that plaintiff's claim of promissory estoppel fails because plaintiff did not rely upon any promise allegedly made by County. In support of this point, County cites deposition testimony by Ms. Brandau indicating that she did not rely upon any promise made by the County.[6]

---

[5] Plaintiff's Deposition reads, in pertinent part:

```
Q.   Did the county ever promise you anything?
A.   No.
...
Q.   Did anyone at the County ever promise you anything?
A.   No.
```

Deposition of Karen Brandau, Plaintiff, conducted on November 8, 2005, at page 52 (attached as Exhibit D to Memorandum in Support).

[6] Defendant County does not provide a copy of the page of the deposition transcript containing plaintiff's admission as part of the excerpts from plaintiff's deposition attached as Exhibit D to their Memorandum in Support. However, the relevant page is attached as part of the copy of Ms. Brandau's deposition transcript attached as Exhibit D to Memorandum in Support of ACS' Motion for Summary Judgment. The transcript reads, in pertinent part:

```
Q.   Were you relying on the County to protect you from ACS
     terminating you?
```

Finally, the County avers that plaintiff had a duty to inquire into the County's authority to promise to protect her job and that she failed to do so.  Specifically, County argues that plaintiff did not inquire into whether the County could protect her employment and that she therefore cannot demonstrate justifiable reliance on any alleged promise by the County.

In Plaintiff, Karen Brandau's Brief in Opposition to Defendant, County of Northampton's Motion for Summary Judgment ("Brief in Opposition"), plaintiff argues that an explicit promise was made to Jeffrey Britland.  Plaintiff also avers that the County promised to protect her job, citing Jeffrey Britland's affidavit, an e-mail sent to Jeffrey Britland by Jean Mateff, and an e-mail sent by Ms. Mateff to Patricia Groff, an employee of ACS.  Plaintiff further contends that she relied upon the County's promise to her detriment.  Finally, plaintiff contends that she had no duty to inquire into the County's authority to make promises to her or to Mr. Britland regarding the retention of their employment.[7]

---

(Footnote 6, continued:)

(Continuation of footnote 6:)

        Mr. Zurik: Object to the form.
        The Witness: Not necessarily.

Deposition of Karen Brandau, Plaintiff, conducted on November 8, 2005, at page 67.

[7]    Brief in Opposition at pages 11, 33-34.

The Restatement (Second) of Contracts governs a cause of action for promissory estoppel in Pennsylvania.  Section 90 of the Restatement provides that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."  Restatement (Second) of Contracts, § 90 (1981); Central Storage & Transfer Co. v. Kaplan, 487 Pa. 485, 489, 410 A.2d 292, 294 (1979).

Here, defendants contend that there was neither a promise nor reliance upon a promise.  Plaintiff, in her deposition, agrees.  Plaintiff's Brief in Opposition provides no explanation or disavowment of her earlier statements in her deposition.  Accordingly, we find that there is no dispute of material fact on these two points.

It is not enough, in opposing a motion for summary judgment, for the non-moving party to rest on the pleadings.  After the moving party has demonstrated the absence of dispute as to a material fact, the non-moving party must point to evidence upon which the jury could rely in finding in her favor.  Ridgewood, 172 F.3d at 252.

Plaintiff has not cited any evidence to contradict her earlier statement that there was no promise and no reliance.  Because plaintiff has failed to carry her burden of rebutting

defendant's argument, supported by evidence, that there are no issues of material fact with respect to plaintiff's promissory estoppel claim, we find in favor of defendants.

We also note that the evidence cited by plaintiff in her Brief in Opposition does not establish the existence of a promise even when considered independently from her prior admissions. The paragraph of Jeffrey Britland's Affidavit which claims an explicit promise by the County applies to Jeffrey Britland alone.[8] Plaintiff has established no basis for any belief that this alleged promise would have applied to her as well.

Moreover, the e-mails relied upon by plaintiff do not establish the existence of a promise. In an e-mail sent on October 23, 2002, Ms. Mateff writes in response to Mr. Britland's question regarding his employment and that of Ms. Brandau, "I believe that you and your job would be protected under the Whistleblower Act."[9] In the second e-mail, written by Ms. Mateff to Ms. Groff, Ms. Mateff states, "No personal or professional

---

[8] That paragraph reads:

> I fully cooperated with the County of Northampton because I was explicitly promised by both Jean Mateff and Bill Bachenberg of DBSI that 1) the County would protect my job; and 2) the County would provide me with alternative employment with the new contractor.

Affidavit by Plaintiff, Jeffrey Britland, in Opposition to Motions for Summary Judgment by Defendants, ACS and County of Northampton ("Britland Affidavit") at paragraph 97.

[9] Exhibit B to Britland Affidavit.

harm shall befall either Karen Brandau or Jeff Britland as a result of their efforts to notify ACS and the County of alleged inappropriate activities."[10]

Neither of these statements is properly interpreted as a promise. The first statement is an expression of the speaker's understanding of the applicable law. It suggests, not that she will protect Mr. Britland or Ms. Brandau, but rather that she believes that they are legally protected by the Whistleblower Act.

The second statement is undercut by Ms. Mateff's subsequent explanation that if either Mr. Britland or Ms. Brandau is fired, Ms. Mateff "will have to contact [the County's] legal staff and confront the news media."[11] The e-mail does not suggest that Ms. Mateff will directly prevent the loss of plaintiff's job. Instead, the e-mail suggests that Ms. Mateff will take action, in the event that plaintiff is fired in retaliation for her cooperation with the County, to sue or publicly discredit ACS.

We decline to reach the question of whether plaintiff had a duty to inquire into the authority of Ms. Mateff to promise to protect her job. Because plaintiff agrees and the evidence demonstrates that no promise existed, we need not address the

---

[10]   Exhibit F to Britland Affidavit at page 1.

[11]   Exhibit F to Britland Affidavit at page 2.

credibility of the alleged promise.

## CONCLUSION

      For the reasons stated above, we grant defendant County of Northampton's Motion for Summary Judgment.